IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER BRINSON, #146986, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-CV-400-TFM |
| | ) [WO] |
| | ) |
| DR. DARBOUZE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**[1]

**I. INTRODUCTION AND PROCEDURAL HISTORY**

In this 42 U.S.C. § 1983 action, Alexander Brinson ["Brinson"], a state inmate, challenges the medical treatment provided to him during his incarceration at the Easterling Correctional Facility ["Easterling"]. Brinson names Dr. Darbouze and nurses Jolly, Smothers, Bush, Wilson and Faircloth, medical care providers at Easterling, as defendants in this cause of action. Brinson seeks monetary damages and declaratory relief for the alleged violations of his constitutional rights.

The defendants filed special reports and supporting evidentiary materials addressing Brinson's claims for relief. In these documents, the defendants assert the claims presented against them are due to be dismissed because Brinson failed to exhaust an administrative remedy available to him at Easterling.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Pursuant to governing case law, the court deems it appropriate to treat the defendants' reports as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment [or other pleadings].'"). Thus, this case is now pending on the defendants' motion to dismiss. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the motion to dismiss is due to be granted.

## II.  DISCUSSION

Brinson challenges the constitutionality of medical treatment provided to him for his suicidal tendencies and injuries suffered in a fall. He also alleges Dr. Darbouze refused to order "a brainscan" and has failed to "check for kidneystone[s], cancer, and a bad bladder." *Plaintiff's Complaint - Court Doc. No. 1* at 3. In response to the complaint, the defendants deny the plaintiff's allegations and likewise maintain this case is subject to dismissal because Brinson failed to exhaust the administrative remedy provided to Easterling prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Federal law directs this court to treat the medical defendants' responses as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1375 (11th Cir. 2008).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary]

interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

      The record in this case is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. *Medical Defendants' Special Report - Court Doc. No. 21-1* at 18-20; *Defendants' Exhibit A (Affidavit of Daphne Kay Wilson) - Court Doc. No. 21-2* at 4-5 and *Attached Exhibit (Grievance Mechanism) - Court Doc. No. 21-2* at 7-8. "There is a formal mechanism for inmate grievances relating to health. The grievance process will be timely and the results documented.... Inmate grievances [submitted regarding health care] will be reported in [monthly health care] meetings.... Inmate grievances will be screened upon receipt by the Health Services Administrator or designee

and recorded in the Inmate Grievance Log ...." *Defendants' Exhibit A (Affidavit of Daphne Kay Wilson) - Court Doc. No. 21-2* at 4-5 and *Attached Exhibit (Grievance Mechanism) - Court Doc. No. 21-2* at 7.

The evidentiary materials submitted by the defendants demonstrate that Brinson failed to file the requisite formal grievance with respect to the actions about which he complains in the instant complaint. *Defendants' Exhibit B to the July 6, 2009 Supplemental Special Report - Court Doc. No. 67-3* at 1-5. Specifically, the medical records contain no inmate grievance form submitted by Brinson regarding his claims nor any notation of the requisite formal grievance in the inmate grievance log. *Id*. Although Brinson alleges he "exhausted all available administrative remedies" by advising defendant Wilson of his claims after which she denied him relief, *Plaintiff's May 10, 2009 Amendment to the Complaint - Court Doc. No. 8* at 1, he presents no evidence that such action constituted initiation of a formal grievance as required by the administrative grievance procedure. Instead, it is clear Brinson attempted to resolve his complaints "informally by communicating with the Health Services Administrator before initiating the Formal Grievance Process." *Defendants' Exhibit A (Affidavit of Daphne Kay Wilson) - Court Doc. No. 21-2* at 4-5 and *Attached Exhibit (Grievance Mechanism) - Court Doc. No. 21-2* at 7. Brinson's mere conclusory, self-serving allegation of exhaustion fails to refute the objective evidence presented by the defendants. The court therefore concludes that the claims presented in this cause of action against the defendants are subject to summary dismissal

without prejudice as Brinson failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

A separate order will accompany this memorandum opinion.

Done this 8th day of July, 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE